*Deer Mountain Inn LLC v. Union Ins. Co.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-two.

PRESENT:

GUIDO CALABRESI,
SUSAN L. CARNEY,
BETH ROBINSON,
      *Circuit Judges.*

_____

DEER MOUNTAIN INN LLC, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    *Plaintiff-Appellant,*

       v.                              No. 21-1513

UNION INSURANCE COMPANY,

    *Defendant-Appellee.*

_____

FOR APPELLANT:                James E. Cecchi, Lindsey H. Taylor, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Roseland, NJ; Christopher A. Seeger, Stephen A. Weiss, Seeger Weiss, Ridgefield Park, NJ; Samuel H. Rudman, Robbins Geller Rudman & Dowd LLP, Melville, NY; Paul J. Geller,

Stuart A. Davidson, Robbins Geller Rudman & Dowd LLP, Boca Raton, FL.

FOR APPELLEE: Antonia B. Ianniello, John F. O'Connor, Jr., Lisa M. Southerland, Steptoe & Johnson LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 24, 2021, is **AFFIRMED**.

Plaintiff-Appellant Deer Mountain Inn LLC ("Deer Mountain") brings this lawsuit against its insurer, Defendant-Appellee Union Insurance Company ("Union"), seeking to recover business income losses resulting from the coronavirus pandemic and related government restrictions. Deer Mountain asserts claims for declaratory relief and anticipatory breach of contract and seeks to represent a class of similarly situated insurance policyholders. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Deer Mountain now appeals. We review *de novo* a district court's grant of a motion to dismiss. *See Bellin v. Zucker*, 6 F.4th 463, 472 (2d Cir. 2021). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Deer Mountain argues that policy provisions that commit Union to covering the policyholder's "direct physical loss of or damage to property" establish Union's obligation here. Joint App'x at 210. Under New York law, according to Deer Mountain, this policy language does not require the insured's property to have suffered some actual physical change or physical damage to trigger the insurer's coverage obligations; rather, the language encompasses losses occasioned merely by the policyholder's inability to use the insured property for its intended purpose. Deer Mountain urges us to reverse the district court's decision rejecting this interpretation or, alternatively, to certify to the New York Court of Appeals a question regarding the correct interpretation of this policy language.

Deer Mountain's arguments are foreclosed by this court's recent decision in *10012 Holdings, Inc. v. Sentinel Insurance Co.*, 21 F.4th 216 (2d Cir. 2021). In *10012 Holdings*, we interpreted materially identical insurance policy language and concluded that "under New York law the terms 'direct physical loss' and 'physical damage' . . . do not extend to mere loss of use of a premises, where there has been no physical damage to such premises; those terms instead require actual physical loss of or damage to the insured's property." *Id.* at 222.[1] We concluded that the appellant could not recover under the insurance policy at issue because it "allege[d] only that it lost access to its property as a result of COVID-19 and the governmental shutdown orders, and not that it suspended operations because of physical damage to its property." *Id.* at 223. After finding that we could confidently resolve the issue based on existing New York law, we also rejected the appellant's request to certify a question related to the policy language to the New York Court of Appeals. *Id.* at 223–25.

Our court has twice since found that *10012 Holdings* foreclosed appeals regarding insurance policies that we concluded were "materially identical." *Kim-Chee LLC v. Philadelphia Indem. Ins. Co.*, No. 21-1082-CV, 2022 WL 258569, at *1 (2d Cir. Jan. 28, 2022); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323-CV, 2022 WL 120782, at *1 (2d Cir. Jan. 13, 2022). We reach the same result here. Like the appellants in *10012 Holdings*, *Kim-Chee*, and *Rye Ridge*, Deer Mountain does not plausibly allege that its insured property sustained any physical damage; it merely alleges loss of use of that property. In its Rule 28(j) letters responding to those authorities, Deer Mountain does not claim that the policy language here is materially different from the policies at issue in those cases, nor does it argue that it has alleged a different type of loss than the appellants in those cases. Instead, it essentially submits that those cases were wrongly decided.

We do not question the rulings made in the *10012 Holdings* line of cases, but even if we did, we could not provide relief to Deer Mountain: "It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either

---

[1] Unless otherwise noted, in quoting case law this Order omits all alterations, citations, footnotes, and internal quotation marks.

by this Court sitting *en banc* or by the Supreme Court." *Dale v. Barr*, 967 F.3d 133, 142 (2d Cir. 2020). Accordingly, we conclude that the district court correctly dismissed Deer Mountain's complaint, and we decline to certify the issue to the New York Court of Appeals.[2]

We have considered all of Deer Mountain's remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Union also argues that three exclusions in its policy that were not at issue in *10012 Holdings*—a "Virus Exclusion," "Ordinance or Law Exclusion," and "Acts or Decisions Exclusion"—also bar Deer Mountain's claims. We do not address those potential alternative grounds for dismissal because we conclude that *10012 Holdings* forecloses Deer Mountain's claims.